UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

NATIONAL RELIGIOUS
BROADCASTERS, *et al.*

     *Plaintiffs*

*v.*                                                            Civil Action No. 6:24-cv-00311

BILLY LONG, *in his official capacity
as* COMMISSIONER OF THE INTERNAL
REVENUE SERVICE, et al.

     *Defendants*


**JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT**

Plaintiffs National Religious Broadcasters and Intercessors for America, and Plaintiff Churches (Sand Springs Church and First Baptist Church Waskom), and Defendants Billy Long,[1] in his official capacity as Commissioner of the Internal Revenue Service, and the Internal Revenue Service (IRS), (collectively "the Parties"), stipulate and jointly move this Court to approve and enter the attached proposed consent judgment as a final resolution of all of the claims presented in the Amended Complaint, ECF 20.  In support of their motion, the Parties state as follows:

1.      Plaintiffs filed suit against Defendants on August 28, 2024. *See* ECF 1.

2.      The Parties agree the Court has jurisdiction over this action under 28 U.S.C. § 1331 and venue is proper under 28 U.S.C. § 1391(b).

3.      Plaintiffs' Amended Complaint concerns the portion of Internal Revenue Code § 501(c)(3) referred to as the "Johnson Amendment," which requires certain organizations

---

[1] Commissioner Long is automatically substituted under Federal Rule of Civil Procedure 25(d).

1

including churches to refrain from participating or intervening in campaigns for public office as a condition for their non-profit, tax-exempt status. *See generally* ECF 20 (discussing 26 U.S.C. § 501(c)(3)). Specifically, Plaintiffs allege that the Johnson Amendment facially and as applied violates their First Amendment rights to the freedom of speech and free exercise of religion, their Fifth Amendment rights to due process of law and equal protection under the law, and the Religious Freedom Restoration Act. *See* ECF 20 at 46-56.

4.      Plaintiffs ask this Court to enter declaratory relief that the Johnson Amendment unconstitutionally prohibits § 501(c)(3) organizations from engaging in political speech and injunctive relief to prohibit enforcement of the Johnson Amendment insofar as it operates to prohibit political speech. ECF 20 at 56.

5.      The parties agree the Court has the power to provide the injunction with respect to the Plaintiffs requested by this Motion under the U.S. Constitution and the Judiciary Act of 1789.

6.      The text of the Johnson Amendment may cause certain otherwise tax-exempt organizations to lose their § 501(c)(3) status if they "participate in, or intervene in . . . , any political campaign on behalf of (or in opposition to) any candidate for public office." 26 U.S.C. § 501(c)(3).

7.      When a house of worship in good faith speaks to its congregation, through its customary channels of communication on matters of faith in connection with religious services, concerning electoral politics viewed through the lens of religious faith, it neither "participate[s]" nor "intervene[s]" in a "political campaign," within the ordinary meaning of those words. To "participate" in a political campaign is "to take part" in the political campaign, and to "intervene" in a political campaign is "to interfere with the outcome or course" of the political campaign. *See Participate*, *Merriam-Webster's Dictionary* (2025); *Intervene*, *Merriam-Webster's Dictionary* (2025). Bona fide communications internal to a house of worship, between the house of worship

and its congregation, in connection with religious services, do neither of those things, any more than does a family discussion concerning candidates. Thus, communications from a house of worship to its congregation in connection with religious services through its usual channels of communication on matters of faith do not run afoul of the Johnson Amendment as properly interpreted.

8.      This interpretation of the Johnson Amendment is in keeping with the IRS's treatment of the Johnson Amendment in practice. As recounted in Plaintiffs' Amended Complaint, the IRS generally has not enforced the Johnson Amendment against houses of worship for speech concerning electoral politics in the context of worship services. ECF 20 at 30-42; *see* Executive Order 13798 (May 9, 2017) ("[T]he Secretary of Treasury shall ensure, to the extent permitted by law, that the Department of the Treasury does not take any adverse action against any . . . house of worship . . . on the basis that such . . . organization speaks or has spoken about moral or political issues from a religious perspective, where speech of similar character has, consistent with law, not ordinarily been treated as participation of intervention in a political campaign on behalf of (or in opposition to) a candidate for public office by the Department of Treasury.").

9.      The doctrine of constitutional avoidance counsels in favor of interpreting the Johnson Amendment so that it does not reach communications from a house of worship to its congregation in connection with religious services through its usual channels of communication on matters of faith. *See, e.g., Edward J. DeBartolo Corp. v. Fla. Gulf Coast Bldg. & Constr. Trades Council*, 485 U.S. 568, 575 (1988) ("[W]here an otherwise acceptable construction of a statute would raise serious constitutional problems, the Court will construe the statute to avoid such problems unless such construction is plainly contrary to the intent of Congress."). For many houses of worship, the exercise of their religious beliefs includes teaching or instructing their

3

congregations regarding all aspects of life, including guidance concerning the impact of faith on the choices inherent in electoral politics. Interpreting the Johnson Amendment to reach such communications would create serious tension with the First Amendment's Establishment Clause: That broad interpretation would treat religions that do not speak directly to matters of electoral politics more favorably than religions that do so—favoring some religions over others based on their speech to their own congregations in connection with religious services through customary channels of worship and religious communication. *See Catholic Charities Bureau, Inc. v. Wisconsin Labor & Indus. Rev. Comm'n*, 145 S. Ct. 1583, 1591 (2025) ("'The clearest command of the Establishment Clause' is that the government may not 'officially prefe[r]' one religious denomination over another." (quoting *Larson v. Valente*, 456 U.S. 228, 246 (1982))).

10.    For these reasons, the Johnson Amendment does not reach speech by a house of worship to its congregation, in connection with religious services through its customary channels of communication on matters of faith, concerning electoral politics viewed through the lens of religious faith.

11.    Accordingly, the Parties request this Court enter the attached proposed order enjoining Defendants as well as their successors, agents, and employees, from enforcing the Johnson Amendment against Plaintiff Churches based on speech by a house of worship to its congregation in connection with religious services through its customary channels of communication on matters of faith, concerning electoral politics viewed through the lens of religious faith.

12.    To the extent Plaintiffs' claims are not resolved by the proposed Consent Judgment, the Parties hereby agree and stipulate to the dismissal of all such claims with prejudice via entry of the Proposed Consent Judgment. *See* Fed. R. Civ. P. 41. Plaintiffs likewise release any and all

claims that could have been asserted in this action or concerning the subject matter of this action, conditioned on this Court's entry of the proposed Consent Judgment.

13.    All parties waive their right to appeal from the proposed Consent Judgment, if entered by the Court.

14.    The Parties also agree that each party will bear its own costs and fees.

15.    The proposed consent judgment is "not unconstitutional, unlawful, . . . contrary to public policy, or unreasonable." *United States v. City of Miami*, 614 F.2d 1322, 1333 (5th Cir. 1980) (recognizing that proposed consent decrees are subject to a presumption of validity). Indeed, the proposed consent judgment is based on the best reading of the Johnson Amendment, respectful of constitutional principles, and for those reasons both eminently reasonable and in furtherance of the public interest.  *See, e.g.*, Exec. Order 13798, 82 Fed. Reg.  21675 (May 4, 2017) ("The Founders envisioned a Nation in which religious voices and views were integral to a vibrant public square, and in which religious people and institutions were free to practice their faith without fear of discrimination or retaliation by the Federal Government.").

For the foregoing reasons, the Parties respectfully move this Court to enter the proposed Consent Judgment in its entirety as an Order of the Court.

Respectfully submitted,

/s/ Michael P. Farris
Michael Farris
DC Bar No. 385969
National Religious Broadcasters
20 F Street
Seventh Floor
Washington, DC 20001
571-359-6000
mfarris@nrb.org

David A. Kallman
MI Bar No. P34200
Stephen P. Kallman
MI Bar No. P75622
Kallman Legal Group, PLLC
Attorney at Law
5600 W. Mount Hope Hwy.
Lansing, MI 48917
517-322-3207
dave@kallmanlegal.com
steve@kallmanlegal.com

Rita M. Peters
VA State Bar No. 46821
7586 Stoney Lick Road
Mount Crawford, VA 22841
540-830-1229
rpeters@selfgovern.com

Andrew W. Stinson
State Bar No. 24028013
Ramey & Flock, PC
100 E. Ferguson Street, Suite 500
Tyler, TX 75702
903-597-3301
astinson@rameyflock.com

*Attorneys for Plaintiffs*

/s/ Jonathan L. Blacker
JONATHAN L. BLACKER
Texas Bar No. 00796215
Senior Litigation Counsel
Tax Division
U.S. Department of Justice
1700 Pacific Avenue, Suite 3700
Dallas, Texas 75201
(214) 880-9765
(202) 598-7019
(214) 880-9741 (FAX)
Jonathan.Blacker2@usdoj.gov
*Attorney for the United States*

## CERTIFICATE OF CONFERENCE

I, Jonathan L. Blacker, certify that on July 7, 2025, counsel for Plaintiffs and Defendants conferred, leading to this joint motion to which both parties consent.

/s/ Jonathan L. Blacker
JONATHAN L. BLACKER

## CERTIFICATE OF SERVICE

I certify that on July 7, 2025, I electronically filed this document via the Court's ECF system, which will send notice of such filing to all counsel of record entitled to ECF notice.

/s/ Jonathan L. Blacker
JONATHAN L. BLACKER