IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

|   |   |
|---|---|
| NATIONAL RELIGIOUS BROADCASTERS, SAND SPRINGS CHURCH, FIRST BAPTIST CHURCH WASKOM, and INTERCESSORS FOR AMERICA<br><br>        Plaintiffs,<br><br>v.<br><br>BILLY LONG, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF<br>THE INTERNAL REVENUE SERVICE, and THE INTERNAL REVENUE SERVICE<br><br>        Defendants. | Civil Action No.<br>6:24-cv-00311 |

## PLAINTIFFS' OPPOSITION TO MOTION OF CAMPAIGN LEGAL CENTER, PUBLIC CITIZEN, AND COMMON CAUSE FOR LEAVE TO FILE AS AMICUS CURIAE

Plaintiffs respectfully urge this Court to deny the motion of three new proposed *amici* that was filed late in the night of July 31, 2005.

This motion is untimely. This case was filed on August 28, 2024. ECF No. 1. Plaintiffs' motion for partial summary judgment was filed on April 21, 2025. ECF No. 23. After multiple continuances, the Defendants' response to this motion was due on July 7, 2025. ECF No. 32. On July 7, 2025, the parties jointly filed the Joint Motion for Entry of Consent Judgment. ECF No. 35. Three days later, after proper advanced notice, Americans United for Separation of Church and State

("Americans United") filed a motion to intervene or in the alternative to file an amicus brief on July 10. 2025. ECF No. 37. Both parties objected to the intervention but consented to the request to file an amicus brief. ECF No. 43; ECF No. 46. This Court granted Americans United's motion to file an amicus brief on July 17, 2025. ECF No. 42. That brief was filed on July 25, 2025.

Although the local rules do not specify a deadline for replying to an amicus brief in these circumstances, on July 31, 2025, Plaintiffs filed a motion for leave to file a response to Americans United's *amicus* brief within fourteen days of its filing. ECF No. 49. This time was chosen on the basis that fourteen days typically are permitted for a response to any motion. E.D. Tex. Loc. R. CV-7(e). In fact, Plaintiffs' brief responding to Americans United is complete and simply awaits the Court's permission before filing.

It was not until July 22 that counsel for the Campaign Legal Center contacted attorneys for the parties seeking consent to file an amicus brief. His email said:

> In the above-captioned matter, Campaign Legal Center is planning on moving for leave to file an amicus brief opposing the parties' joint motion for entry of consent judgment (ECF No. 35). Please let us know your clients' positions on this proposed motion and we will note those positions in our motion. We anticipate moving for leave by COB tomorrow, July 23. Please let me know if you have any questions.

2

Without explanation or any form of contact, the July 23 filing never materialized. Plaintiffs assumed that the Campaign Legal Center had decided against proceeding in the face of our opposition. Plaintiffs then began working to prepare a response to the brief from Americans United under the impression that it would be the only amicus brief filed.

However, on July 30, seven full days after its proposed day of filing, counsel for the Campaign Legal Center again contacted counsel for the parties informing them that the Campaign Legal Center intended to file a motion for permission to file an amicus brief on July 31, 2025—which was accomplished in the night hours of that day.

If this amicus brief is accepted for filing, Plaintiffs will again request permission to file an additional brief in response within fourteen days of the proposed filing.

However, Plaintiffs object to the process that appears to be unfolding where a string of proposed amicus seek to enter into this case long after an appropriate time for doing so. This case was important on the day it was filed. It reached a critical stage when Plaintiffs filed for summary judgment arguing that the Johnson Amendment was unconstitutional on its face—reserving their as-applied arguments for later proceedings if necessary.

Americans United moved far more expeditiously with a filing just three days after the filing of the proposed consent decree. The Campaign Legal Center did not file until 24 days after the filing of the proposed consent decree.

If this motion for another group of amici is granted, there likely will be others who will seek to enter the fray. In particular, no organization supporting the Plaintiffs' position in this litigation has sought to file an amicus. But if the door is opened to such briefs, it is predictable that multiple other organizations—both for and against the proposed consent decree—will seek to participate.

District Courts do not have a rule governing the timing of amicus briefs. However, the practice of both the Courts of Appeals and the Supreme Court of the United States provides helpful guidance.

In the Court of Appeals, an amicus brief must be filed "no later than 7 days after the principal brief of the party being supported is filed." FRAP 29(a)(6). The same timeframe is specified in the Supreme Court as well. Supreme Court Rule 37(3).

No appellate court would allow *amici* to continue to file briefs just because a decision was still pending. This Court should not open this door.

We respectfully ask this Court to deny this motion.

Respectfully submitted this 1 of August 2025,

        MICHAEL P. FARRIS
        Attorney for Plaintiffs

        */s/Michael P. Farris*
        Michael Farris
        DC Bar No. 385969
        National Religious Broadcasters
        20 F Street
        Seventh Floor
        Washington, DC 20001
        571-359-6000
        mfarris@nrb.org

        David A. Kallman
        MI Bar No. P34200
        Stephen P. Kallman
        MI Bar No. P75622
        Kallman Legal Group, PLLC
        Attorney at Law
        5600 W. Mount Hope Hwy.
        Lansing, MI 48917
        517-322-3207
        dave@kallmanlegal.com
        steve@kallmanlegal.com

        Andrew W. Stinson
        State Bar No. 24028013
        RAMEY & FLOCK, PC
        100 E. Ferguson Street, Suite 500
        Tyler, TX 75702
        903-597-3301
        andys@rameyflock.com

Rita M. Peters
State Bar No. 46821
7586 Stoney Lick Road
Mount Crawford, VA 22841
540-830-1229
rpeters@selfgovern.com

ATTORNEYS FOR PLAINTIFFS