# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **NATIONAL RELIGIOUS BROADCASTERS,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **BILLY LONG**, in his official capacity as Commissioner of the Internal Revenue Service, *et al.*, <br><br> Defendants. | Case No.: 6:24-cv-00311-JCB <br><br> Hon. J. Campbell Barker <br><br> **UNOPPOSED MOTION OF CORNERSTONE CHAPEL AND FIRST BAPTIST CHURCH OF DALLAS, TEXAS FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE*** |

_____

Proposed amici Cornerstone Chapel and First Baptist Church of Dallas, Texas respectfully move this Court for leave to file an amicus brief in support of Plaintiffs' challenge to the Johnson Amendment's enforcement against religious organizations. Proposed amici are tax-exempt churches organized under 26 U.S.C. § 501(c)(3) that have suffered enforcement and injury under the Johnson Amendment solely because of their commitment to preaching the Word of God and instructing their congregations on moral issues grounded in Scripture.

Cornerstone Chapel suffered IRS enforcement after Pastor Gary Hamrick preached a biblically-based sermon contrasting major parties' positions on moral and social issues and encouraged the congregation to vote consistently with biblical principles. Pastor Hamrick's message did not endorse or oppose any candidate but

challenged the congregation to consider Scripture's teachings when voting. Cornerstone also distributed a nonpartisan "Vote Your Values" guide, which neutrally presented each major party's stated positions on key issues. As a result, the IRS subjected Cornerstone to an invasive investigation and ultimately fined the church for its religious speech.

First Baptist likewise dealt with an IRS investigation based on comments made by its pastor, Dr. Robert Jeffress, in a worship service. Although First Baptist explicitly disclaimed any endorsement of political candidates, the IRS initiated a tax inquiry and demanded extensive documents. The IRS's scrutiny followed a worship service attended by then-Vice President Pence, where no political opponents were mentioned and no candidate endorsements were issued. First Baptist spent hundreds of thousands of dollars defending itself from this IRS enforcement action.

Both Cornerstone and First Baptist have a strong interest in defending their First Amendment rights to speak from the pulpit about moral and social issues central to their faith without risking punitive IRS investigations. They each offer unique, real-world experience and perspective illustrating the unconstitutional chilling effect and practical harm of the Johnson Amendment's application to houses of worship. And both are represented by Alliance Defending Freedom, a leading First Amendment law firm with extensive knowledge concerning the Johnson Amendment's impact on free speech and religious exercise.

This Court has broad discretion to allow amicus briefs "both timely and useful." *Trahan v. Long Beach Mortg. Co.*, No. 9:05-CV-29, 2006 WL 8440677, at *1 n.1 (E.D. Tex. Feb. 9, 2006) (citation omitted). District courts typically grant leave to file amicus briefs when the amici present "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Id.* Here, the proposed amici's brief will provide firsthand insight into the IRS's use of the Johnson Amendment to chill core religious speech.

Proposed amici's motion is also timely. On August 1, 2025, this Court issued an order notifying potential amici that they may file motions for leave to submit amicus briefs by August 5, 2025, and "any such [amicus] brief is due by August 8, 2025." *See* Order, Dkt. 53. Consistent with this Court's order, if the Court grants the requested leave, proposed amici will file their brief by August 8, 2025.

Pursuant to Local Rule CV-7(h), undersigned counsel conferred with counsel for Plaintiffs and Defendants. Plaintiffs and Defendants consent to the filing of this motion and agree that proposed amici should be permitted to file an amicus brief.

## CONCLUSION

For the foregoing reasons, proposed amici respectfully request that this Court grant their motion for leave to file the attached proposed amicus brief.

3

Respectfully submitted this 4th day of August, 2025,

s/ Ryan Tucker

Ryan Tucker, TX Bar No. 24033407
  rtucker@ADFLegal.org
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020

David Cortman, GA Bar No. 188810
  dcortman@ADFLegal.org
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd NE, Suite D-1100
Lawrenceville, GA 30043
(770) 339-0774

*Attorneys for Proposed Amici*

**CERTIFICATE OF SERVICE**

I certify that on August 5, 2025, I electronically filed the foregoing document with the Clerk of Court using the ECF system which will provide electronic copies to counsel of record.

/s/ Ryan Tucker
Ryan Tucker

**CERTIFICATE OF CONFERENCE**

I certify that counsel for Proposed Amici have complied with the meet and confer requirements of Local Rule CV-7(h). On August 5, 2025, counsel for Proposed Amici (Ryan Tucker) conferred with lead counsel for Plaintiffs (Michael P. Farris) and lead counsel for Defendants (Jonathan L. Blacker) via telephone. Neither Plaintiffs nor Defendants oppose this motion.

/s/ Ryan Tucker
Ryan Tucker
