UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00311

**National Religious Broadcasters et al.,**
*Plaintiffs,*

v.

**Danny Werfel et al.,**
*Defendants.*

# ORDER

Now before the court is a motion (Doc. 88) to stay proceedings indefinitely during a lapse in appropriated funding for the federal defendants. The motion is denied for the reasons set forth below.

All parties are expected to find the means to continue to participate in litigation. If a private litigant ran out of funds to continue with litigation, the court would not lightly treat that as good cause to simply stay the case indefinitely. The same baseline must apply to the government.

The stay motion assigns equitable weight to legal constraints on the ability of government personnel to work on this matter during a lapse in appropriations. That argument has two problems. First, it rests on the idea that some third party is to blame for those constraints. But defendants exercise authority delegated by the federal government, which itself has failed to appropriate funds.

Second, that argument invites the court to credit defendants' view of the legal constraints on federal personnel. But the court has no adversarial presentation on that issue. So the court doubts its ability, in this posture, to accept or reject those legal assertions. And even were the court inclined to wade into the merits of those assertions, it is not clear that defendants' work on this case must stop. Perhaps that is what the law requires. But perhaps not. For instance, the Justice Department's operations plan indicates that it can continue to litigate a case if a court denies a stay of proceedings during a lapse in appropriations. FY 2026 Contingency Plan

at 3 (Sept. 29, 2025), https://www.justice.gov/jmd/media/1377216/dl. And the OLC authorities that the court has been able to find on the topic of the Antideficiency Act's effect predate the Government Employee Fair Treatment Act of 2019 (GEFTA), Pub. L. No. 116-1, 133 Stat. 3 (2019), which amended the Antideficiency Act to require that each federal employee who either works or is furloughed during a future lapse in appropriations shall be paid after the lapse ends for the work or period of furlough. 31 U.S.C. § 1341(c)(2). By creating a right to compensation whether employees work or not, that 2019 law may distinguish the reasoning in prior OLC opinions that refuse to find an implied authorization for work based on a statutory purpose to "avoid claims for compensation," since now a claim for compensation exists either way. Authority for the Continuance of Government Functions During a Temporary Lapse in Appropriations, 5 Op. O.L.C. 1 (1981).

But, again, the court doubts its mandate to confront such issues on a mere stay motion without adversarial presentation. The court simply notes that any possible lack of resources is equitably attributable to defendants. Both of this court's reviewing courts of appeals are continuing with their cases. U.S. Court of Appeals for the Fifth Circuit, Fifth Circuit Will Continue Case Operations During any Lapse in Appropriations or Shutdown, https://www.ca5.uscourts.gov/; U.S. Court of Appeals for the Federal Circuit, Operations in the Absence of an Appropriation or Continuing Resolution, Admin. Order No. 2026-01 (Oct. 1, 2025) ("The court will not entertain any motions for extension based solely on a lapse in appropriations."). This court follows the same approach and maintains current deadlines. The motion to stay is denied.

*So ordered by the court on October 17, 2025.*

J. CAMPBELL BARKER
United States District Judge