

**U.S. Department of Justice**
**Civil Division**
**Tax Litigation Branch**

*Telephone No.  (214) 880-9765*  
*Facsimile No.  (214) 880-9741*  
*jonathan.blacker2@usdoj.gov*

*Please reply to:  Southwestern Trial Section*  
*1700 Pacific Ave., Suite 3700*  
*Dallas, Texas 75201*

BAS:JW:JLBlacker  
DJ: 5-75-9288  
CMN: 2024100977

December 5, 2025

Honorable J. Campbell Barker  
William M. Steger Federal Building and United States Courthouse  
211 W. Ferguson  
Tyler, TX 75702

      Re:    Requested Supplemental Letter Brief  
             *National Religious Broadcasters et al. v. United States* (Civil Action No. 6:24-cv-00311)

Dear Judge Barker:

      At the hearing of November 25, 2025, this Court invited the Defendants to submit supplemental briefing concerning whether sovereign immunity poses any bar to entry of the Proposed Consent Judgment in this case. It does not.

      Sovereign immunity does not bar a settlement where—as here—at least one of the Plaintiffs' claims falls outside sovereign immunity and within the Court's authority to enter a consent decree that embodies the limited relief the settlement affords. In other words, so long as there is a waiver of sovereign immunity on at least one of the Plaintiffs' claims, the Court can enter the Proposed Consent Judgment even if it contains relief that could be characterized as relating more naturally to some other claim. The Supreme Court has explicitly held that a court has the power to enter a consent decree that grants a form of relief that a court could not have granted had it entered a judgment on the merits. *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland,* 478 U.S. 501 (1986). In *Smith v. Sch. Bd. of Concordia Par.*, 906 F.3d 327, 334–35 (5th Cir. 2018), the Fifth Circuit recognized the language of *Firefighters*.

      Here, Plaintiffs have invoked two distinct statutory waivers of sovereign immunity in an attempt to establish this Court's subject matter jurisdiction. Namely, Plaintiffs' Amended Complaint invoked both the Religious Freedom Restoration Act's (RFRA) waiver in 42 U.S.C. § 2000bb-1(c) (authorizing judicial review) and the Administrative Procedure Act's (APA) waiver in 5 U.S.C. § 702. ECF 20 at ¶¶ 25, 27. Because the RFRA waiver applies to establish jurisdiction over one or more of Plaintiffs' claims,[1] sovereign immunity does not preclude settlement of this action through entry of the Proposed Consent Judgment. *See* ECF 35-1.

---

[1] Plaintiffs also invoked two other "exceptions to Sovereign Immunity," which Defendants do not concede would be applicable here. ECF 20 at ¶ 26 (citing *Dugan v. Rank*, 372 U.S. 609, 621–22 (1963)).

-2-

From the beginning, Defendants have at least tacitly acknowledged that the RFRA's waiver applies, such that at least Plaintiffs' claims under that statute clear this threshold hurdle. *See* ECF 13 at 32–34 (responding that non-RFRA claims in original complaint were barred by sovereign immunity "aside from claims falling under the RFRA"). Accordingly, Defendants have never maintained that sovereign immunity bars this entire lawsuit. And that is correct because Plaintiffs claim to be "person[s] whose religious exercise has been burdened in violation of [RFRA]." 42 U.S.C. § 2000bb-1.[2]

Plaintiffs also attempt to invoke a waiver of sovereign immunity under the Administrative Procedures Act. The APA, in addition to creating a cause of action, 5 U.S.C. § 702 (first sentence), grants the Government's consent to suit in actions "seeking relief other than money damages," *id.* (second sentence), subject to certain terms. Those terms include, in relevant part:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States[.]

5 U.S.C. § 702. Although Plaintiffs' suit largely challenges the statutory language in Section 501(c)(3), rather than an agency decision, Plaintiffs also challenge the administrative actions of the IRS allegedly threatening to unlawfully enforce, or enforcing unevenly in an unlawful way, the Johnson Amendment.

But Defendants reiterate that they have *not* conceded the specific merits of any of Plaintiffs' claims, nor (relatedly) that Plaintiffs' APA claims here have been adequately pled or would succeed. *See supra* Note 2. Rather, the point is merely that the APA contains a waiver of sovereign immunity that Plaintiffs have attempted to invoke such that the Court could decide whether Plaintiffs have adequately stated an APA cause of action. However, the Court need not decide the adequacy of Plaintiffs' APA allegations at this point because, as noted above, at minimum Plaintiffs' claims under the RFRA provide the Court authority to enter the Proposed Consent Judgment.

I certify that on December 5, 2025, I electronically filed this letter via the Court's ECF system, which will send notice of such filing to all counsel of record entitled to ECF notice.

---

[2] In joining the motion for entry of consent judgment, Defendants did *not* concede the specific merits of any of Plaintiffs' claims, *see* ECF 35, but those merits are distinct from the threshold sovereign immunity inquiry.

-3-

                          Sincerely yours,

                          BRETT A. SHUMATE
                          Assistant Attorney General
                          Civil Division

                          JOSHUA WU
                          Deputy Assistant Attorney General
                          Tax Litigation Branch


By:    */s/ Jonathan L. Blacker*
            JONATHAN L. BLACKER
            Senior Litigation Counsel