

1310 L Street NW Suite 200, Washington, DC 20005
(202) 466-3234 | americansunited@au.org | au.org

December 5, 2025

The Honorable J. Campbell Barker
United States District Court for the District of Texas
William M. Steiger Federal Building and United States Courthouse
211 W. Ferguson St.
Tyler, TX 75702

Re.: *National Religious Broadcasters v. Bessent*, 6:24-cv-00311-JCB

Dear Judge Barker:

      Proposed Intervenor and Amicus Americans United for Separation of Church and State (AU) submits this letter pursuant to this Court's Order, Dkt No. 96.

### I.    *CIC Services* Confirms That the Anti-Injunction Act Bars Suit.

      A court cannot enter a consent decree if it lacks subject-matter jurisdiction over the underlying claims. *See Loc. No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986). Defendants concede that the Anti-Injunction Act (AIA) bars Plaintiffs' claims. Oral Arg. Tr. 57:25–58:2, 59:9–22; Defs.' Resp. to Brs. of Amici Curiae 7 n.5, Dkt. No. 84. Consent cannot cure this defect under the AIA, as DOJ has elsewhere acknowledged. Pet.'s Reply Br., *Dep't of Health & Hum. Servs. v. Florida*, No. 11-398, 2012 WL 640758, at *3–4 (Feb. 27, 2012); *see also NFIB v. Sebelius*, 567 U.S. 519, 542–43 (2012) (Supreme Court appointed amicus to argue the AIA applied where there was a "reasonable argument" that the AIA barred jurisdiction).

      *CIC Services v. IRS*, 593 U.S. 209 (2021), reinforces that the AIA bars suit. There, the Supreme Court held that the AIA did not prevent a tax advisor from bringing a pre-enforcement challenge to an IRS reporting rule "backed by" a tax penalty. *Id.* at 211. The challenged rule imposed an "independently onerous" reporting requirement that "inflict[ed] costs separate and apart from the statutory tax penalty." *Id.* at 220. Moreover, the reporting requirement was "several steps removed" from the tax penalty. *Id.* Finally, the requirement was backed by separate criminal penalties, "clinch[ing] the case" that this was not just "a tax action in disguise." *Id.* at 219, 221.[1] These factors, "taken in combination," persuaded the Court that the lawsuit's "objective aim" was

---

[1] In the context of criminal penalties, the Supreme Court observed: "In none of our Anti-Injunction Act cases has postponing a taxpayer's suit until after payment exposed him to criminal penalties—because in no other case has that approach required a taxpayer to break the law in the first instance." *CIC Servs. v. IRS*, 593 U.S. 209, 222 n.3 (2021). The Court did not—and could not, consistent with precedent—assert that the AIA *never* requires taxpayers to break the law or incur civil taxes before suing. In practice, *Alexander v. Americans United*, 416 U.S. 752 (1974), required organizations to violate § 501(c)(3)'s limitation on lobbying prior to filing a constitutional challenge. *CIC Services* did not purport to overturn *Americans United*. Even Justice Kavanaugh, who took the narrowest view of *Americans United*, reiterated that "pre-enforcement suits challenging the regulatory component" of a tax—i.e., the portion of a tax that regulates conduct—"remain prohibited." *CIC Servs.*, 593 U.S. at 229 (Kavanaugh, J., concurring).

to eliminate the reporting requirement as opposed to the "downstream tax penalty." *Id.* at 217–19. The Court reaffirmed that the AIA applies when "the legal rule at issue is a tax provision," such that there is "no non-tax legal obligation" to enjoin. *Id.* at 224.

The AIA applies here because Plaintiffs seek to enjoin enforcement of a tax provision. The Johnson Amendment exempts organizations and their donors from certain taxes if they do not participate or intervene in political campaigns. The IRS enforces this provision by imposing taxes on organizations that *do* participate or intervene in political campaigns (and thereby cease to qualify for the relevant exemptions). *See Bob Jones Univ. v. Simon*, 416 U.S. 725, 738–39 (1974) (explaining that a suit to prevent the loss of § 501(c)(3) status is a suit to enjoin taxation). Because the Johnson Amendment applies exclusively to organizations seeking to qualify for an exemption from otherwise-applicable taxes, Plaintiffs are not challenging a procedural burden or cost that arises "separate and apart from" a tax. *CIC Servs.*, 593 U.S. at 220. Nor is the Johnson Amendment tied to criminal penalties. *See id.* at 221–22. As a result, there is "no non-tax legal obligation to restrain." *Id.* at 224.[2] Here, taxes do not "backstop" a legal duty, *see id.*: Taxes *are* the legal duty.

Similar principles distinguish this case from *Linn v. Chivatero*, 714 F.2d 1278 (5th Cir. 1983). In *Linn,* the plaintiff sought to compel the IRS to return documents that were unlawfully seized during a tax investigation. *Id.* at 1279. The Court held that this was not barred by the AIA because the primary purpose of an injunction would be to restore the plaintiff's property, *id.* at 1283–85—even though the order could have a "downstream" effect on the IRS's ability to collect taxes. *See CIC Servs.*, 593 U.S. at 218. In contrast, an order prohibiting enforcement of the Johnson Amendment, *see* Am. Compl., Prayer for Relief ¶ 2, directly and primarily enjoins the IRS from taxing Plaintiffs and their donors. There is no other legally significant action to enjoin.

Plaintiffs have multiple avenues to challenge the Johnson Amendment if this suit is dismissed under the AIA. Plaintiff churches could formally seek IRS recognition of § 501(c)(3) status and, if denied, sue under 26 U.S.C. § 7428. This would not require Plaintiffs to break the law or pay taxes before suing. Plaintiffs could also wait until their § 501(c)(3) status is revoked and sue under § 7428, without having to pay taxes first. Or Plaintiffs could pay any taxes levied against them for violating the Johnson Amendment and seek a refund. *See Bob Jones*, 416 U.S. at 730–31 (describing options). Each scenario gives Plaintiffs a forum for their constitutional claims.

## II.    The United States Has Not Waived Sovereign Immunity Under the Administrative Procedure Act (APA).

The APA waives sovereign immunity for constitutional claims only if the plaintiff was "affected or aggrieved" by an "agency action" as defined in 5 U.S.C. § 551(13). *Alabama-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 489 (5th Cir. 2014) (citation modified). But the Amended Complaint does not identify specific "agency action(s)" that align with Plaintiffs' requested relief. Plaintiffs do not seek to enjoin a specific agency rule or policy, challenge particular instances of enforcement, or seek to compel enforcement of the Johnson

---

[2] To the extent Plaintiffs and their amici express concern about ostensibly burdensome IRS investigations, the proper target of their ire would be the Church Audit Procedure Act, 26 U.S.C. § 7409, or similar regulations governing IRS investigations of § 501(c)(3) organizations—not the Johnson Amendment itself. *Cf. CIC Servs.*, 593 U.S. at 219 (favorably noting that the plaintiff challenged the legality of the reporting requirement and not the underlying tax).

Amendment based on their allegations that the IRS failed to act (either generally or in specific cases).[3] This is particularly evident in the consent decree: The Parties agree that "the IRS generally has not enforced the Johnson Amendment" against the speech at issue, underscoring that Plaintiffs are not aggrieved by any agency action. Plaintiffs' gripe is with the Johnson Amendment itself, not the IRS. *See* Proposed Consent J. ¶ 4, Dkt. No. 35-1. But the APA does not waive immunity for a "programmatic challenge[]" seeking "wholesale improvement of an agency's program by court decree." *Alabama-Coushatta*, 757 F.3d at 490 (citation modified). And the sovereign immunity of the United States cannot be waived by the actions of federal officials, including through litigation decisions. *See United States v. U.S. Fid. & Guar. Co.*, 309 U.S. 506, 513 (1940).

### III.    The Court Cannot Enter a Decree That Violates the Johnson Amendment.

This Court cannot enter a consent decree that "conflicts with or violates" the Johnson Amendment. *Loc. No. 93,* 478 U.S. at 526. The Parties expressed differing views on the exact scope of the decree, but conceded that it would permit distribution of voting guides, newsletters, and online broadcasts that endorse or oppose political candidates. Oral Arg. Tr. 8:7–16, 8:21–9:3, 25:20–26:2; Pls.' Br. Resp. to Amici 23, Dkt No. 83. Such communications facially violate the Johnson Amendment. *See* 26 U.S.C. § 501(c)(3) (intervention includes "publishing or distributing of statements" that endorse or oppose candidates). Even under the narrowest possible reading of the decree, it indisputably permits "oral statements" endorsing or opposing candidates, in violation of longstanding IRS regulations. *See* 26 C.F.R. § 1.501(c)(3)-1(c)(3)(iii).

This is all the more troubling because of the force and longevity of the decree. The IRS is publicly interpreting the Johnson Amendment. While non-Plaintiff churches could not formally seek to enforce the decree, the IRS would be hard pressed to justify treating those organizations differently—which, as Plaintiffs acknowledged at argument, is precisely the point of enshrining this interpretation in a court order. *See* Oral Arg. Tr. 10:6–11:1, 14:7–18. Plaintiffs described the decree as akin to a Revenue Ruling, except that the decree would be more difficult for a future administration to set aside. *Id.* 10:12–15, 14:7–18.[4]

### IV.    AU Has an Interest in Equal Treatment Under the Johnson Amendment.

Organizations have standing to challenge their own disfavored treatment under the tax code, and can do so by defending the law's applicability to everyone. *See Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 145 (2011); *Heckler v. Mathews*, 465 U.S. 728, 738–39 (1984). AU views endorsing or opposing political candidates as a valuable benefit and would begin conversations about doing so if other nonprofits were permitted to engage in these activities.

---

[3] AU respectfully seeks to correct and clarify its statements at Oral Arg. Tr. 40:12–41:3. Based on the facts as alleged, AU believes the events described in Am. Compl. ¶¶ 89–90 (Dkt. No. 1 ¶¶ 81–82) likely violated the Johnson Amendment. Consistent with IRS guidance, AU believes that President Biden's visit to Ebenezer Baptist Church, Am. Compl. ¶ 93 (Dkt. No. 1 ¶ 85), which took place in his Presidential capacity and prior to announcing his intent to run for re-election, *see* Christopher Cadelago & Jonathan Lemire, *Biden Dives Back In, Announces Reelection Bid*, Politico (Apr. 25, 2023), https://bit.ly/4oxyRTv, likely did *not* violate the Johnson Amendment. *See* IRS Revenue Ruling 2007–41 at 1423–24, https://www.irs.gov/pub/irs-tege/rr2007-41.pdf.

[4] This additional burden is substantial: The IRS would likely need to demonstrate to this Court that "a change in fact or in law warrant[s] modification of" the decree. *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 391 (1992).

Dated: December 5, 2025

Respectfully submitted,

/s/ Alexandra Zaretsky

Alexandra Zaretsky*
Bar No. 5833561 (NY)
Jessica Zalph
Bar No. DC 90017719
Rebecca S. Markert**
Bar No. WI 1063232
Americans United for Separation
  of Church and State
1310 L Street NW, Suite 200
Washington, DC 20005
*zaretsky@au.org*
*zalph@au.org*
*markert@au.org*
(202) 898-2145

Martin Woodward
Kitner Woodward PLC
13101 Preston Road, Suite 110
Dallas, TX 75240
*martin@kitnerwoodward.com*

*\* Admitted to practice in New York; not a member of the D.C. bar.*
*\*\* Admitted to practice in Wisconsin; not a member of the D.C. bar.*

## CERTIFICATE OF SERVICE

    I hereby certify that on December 5, 2025, I electronically filed this motion with the Clerk of the Court for the United States District for the Eastern District of Texas by using the CM/ECF system. Counsel in this case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/ Alexandra Zaretsky